UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
JEFFREY SOBHANI,                          :
         Plaintiff,                       :
     vs.                                  :      No. 3:13cv0728(MPS)(WIG)
BUTLER AMERICA, INC., et al.,             :
         Defendants.                      :
------------------------------------------X
```

RULING ON PLAINTIFF'S MOTION TO COMPEL [Doc. # 44]

Plaintiff, Jeffrey Sobhani, a former employee of Butler America, Inc., has brought this action challenging his denial of long-term disability benefits under Butler's Long-Term Disability Policy, a plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). The only remaining defendant in this case is Reliance Standard Life Insurance Company, which served as the both the Plan insurer and the claims review fiduciary with authority to determine eligibility for benefits under the Plan. Now pending before the Court is Plaintiff's motion to compel [Doc. # 44] responses to Plaintiff's sixteen interrogatories and requests for production included therein.

Initially, Reliance objects to the motion to compel as untimely, since it was filed after the close of discovery. Unlike the case of *Pretty v. Prudential Insurance Company of America*, 696 F. Supp. 2d 170, 179 (D. Conn. 2010), cited by Reliance, Plaintiff's discovery requests were propounded prior to the close of discovery. Moreover, the Court would prefer to consider the merits of the issues presented rather than to decide the motion on procedural grounds. Therefore, the Court denies Reliance's request to deny the motion as untimely.

1

Turning to the merits of Plaintiff's motion, Plaintiff claims that he needs the requested information and documents to analyze how Reliance reached its decision to deny his application for long-term disability benefits; to analyze the nature of the information considered by Reliance in making its decision; to analyze whether Reliance has met and complied with the minimum requirements for employee benefit plan procedures; and to analyze to what extent Reliance operated under a conflict of interest as both the insurer and decision-maker in denying benefits.

Reliance has objected to the interrogatories and requests to produce on the ground that the information is irrelevant to an ERISA case in which the Court's standard of review is "arbitrary and capricious" and is generally limited to the facts contained in the administrative record. Moreover, Reliance maintains that Plaintiff has not shown "good cause" for the requested discovery.

Relevant to the resolution of this discovery dispute is the Court's standard of review. *See Pretty,* 696 F. Supp. 2d at 179 (holding that the standard of review impacts the proper scope of discovery).

The standard governing the court's review of an administrator's interpretation of an ERISA benefit plan was first articulated by the Supreme Court in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), in which the Court held that "a denial of benefits . . . is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator . . . authority to determine eligibility for benefits or to construe the terms of the plan." Where such authority is given, the administrator's interpretation is reviewed for an abuse of discretion. *Id.* If the plan gives discretion to an administrator who has a conflict of interest, because it has both the discretionary authority to determine the validity of the employee's claim and to pay benefits

under the policy, that conflict must be weighed as a factor in determining whether there has been an abuse of that discretion. *Id.*

Subsequently, in *Metropolitan Life Insurance Co. v. Glenn*, 554 U.S. 105 (2008), the Supreme Court clarified its decision in *Firestone* and held that where the plan grants the administrator discretionary authority to determine eligibility for benefits, applicable trust principles make a deferential standard of review appropriate; and, if the plan gives discretion to an administrator who is operating under a conflict of interest, that conflict must be weighed as a factor in determining whether there was an abuse of discretion. 554 U.S. at 111. The Supreme Court specifically rejected the notion that a conflict of interest justifies changing the standard of review from deferential to *de novo*, reasoning that "[t]rust law continues to apply a deferential standard of review to the discretionary decisionmaking of a conflicted trustee, while at the same time requiring the reviewing judge to take account of the conflict when determining whether the trustee, substantively or procedurally, has abused his discretion." *Id.* at 115.

In *Corkright v. Frommert*, 559 U.S. 509 (2010), the Supreme Court further elucidated on the rationale underlying the *Firestone* deference standard. The Court explained that deference to plan administrators serves the important functions of promoting efficiency, predictability, and uniformity. *Id.* at 518. "Applying a deferential standard of review . . . means only that the plan administrator's interpretation of the plan 'will not be disturbed if reasonable.'" *Id.* at 522 (quoting *Firestone*, 489 U.S. at 111).

In cases where the arbitrary and capricious standard of review applies, the Second Circuit has held that a district court's decision to admit evidence outside of the administrative record is discretionary but "which discretion should not be exercised in the absence of good cause."

3

*Krauss v. Oxford Health Plans, Inc.*, 517 F.3d 614, 631 (2d Cir. 2008); *Kruk v. Metropolitan Life Ins. Co.*, No. 3:07-CV-01533, 2009 WL 1481543, at *3 (D. Conn. May 26, 2009).

In the instant case the Plan includes a clear grant of discretionary authority to Reliance:

> Reliance Standard Life Insurance Company shall serve as the claims review fiduciary with respect to the insurance policy and the Plan.  The claims review fiduciary has the discretionary authority to interpret the Plan and the insurance policy and to determine eligibility for benefits.  Decisions by the claims review fiduciary shall be complete, final and binding on all parties.

Accordingly, given this grant of discretionary authority to Reliance, the Court finds that a deferential standard of review applies, which ordinarily limits the Court's review to the administrative record.  *See Pretty*, 696 F.Supp. 2d at 181.[1]

This Court has held that "a plaintiff seeking discovery outside the administrative record 'need not make a full good cause showing, but must show a reasonable chance that the requested discovery will satisfy the good cause requirement.'" *Id.* at 182 (quoting *Trussel v. Cigna Life Ins. Co. of New York*, 552 F. Supp. 2d 387, 390 (S.D.N.Y. 2008) (and also acknowledging that other district courts in this circuit have required a full "good cause" showing before discovery is allowed) (*Id.* n. 1)).  Even when this more lenient standard is applied, the Court finds that Plaintiff has failed to meet his burden of showing that there is a reasonable chance that any of the requested discovery will satisfy the "good cause" requirement.

With respect to Interrogatory No. 1, asking Defendant to identify the long-term disability

---

[1] Relying on the Eleventh Circuit's decision in *Kirwan v. Marriott Corporation*, 10 F.3d 784, 790 (11th Cir. 1994), Plaintiff argues that the court's review of a plan administrator's denial of benefits is *de novo* and is not limited to the facts of record.  *Kirwan*, however, is distinguishable on its facts from the instant case.  In *Kirwan*, the Eleventh Circuit applied a *de novo* standard of review because the plan did not confer discretionary authority on the administrator to construe ambiguous terms of the plan.

policy that covered Plaintiff while working at Butler, Defendant has responded that a copy of the Reliance policy has been produced.[2]  No further discovery is warranted.

Interrogatory No. 2 inquires about whether there were individuals who were at times partially disabled and at other times fully disabled who were covered under the policy and requests classification information and whether they were entitled to long-term disability benefits.  Defendant responds that the terms of the policy are applied to each claim and further objects that Plaintiff has failed to make a showing of good cause and that this information is irrelevant.  The Court agrees.  Plaintiff has failed to show a reasonable chance that this information will satisfy the "good cause" requirement.  Instead, this appears to be more of a fishing expedition, which the Court will not allow.

Interrogatory No. 3 asks whether Reliance inquires about an insured's medical history prior to acting as a long-term disability carrier.  Plaintiff seeks this information to determine whether there were additional grounds outside the administrative record that Reliance used in denying Plaintiff's benefits.  Again, no showing of a reasonable chance that this information will satisfy the "good cause" requirement has been made.

Interrogatory No. 4 asks for the grounds on which Reliance claims that Plaintiff did not meet the 180-day elimination period contained in the Policy.  Defendant responds that these reasons are set forth in the decision letters that have already been provided.  The Court concludes that no further discovery is warranted.

---

[2] In its discussion of each of the interrogatories, the Court has not included the question verbatim, nor has it included Defendant's objection, which was discussed above.  However, in responding to each interrogatory and request for production, Defendant did include an objection and, with respect to most, provided an additional response, without waiving its objection.

Interrogatory No. 5 inquires about payments Reliance may have received from Plaintiff for long-term disability coverage.  Plaintiff's sole reason for seeking this is that the Court is permitted to evaluate evidence outside the administrative record.  That may be true, but only on a showing of good cause, which Plaintiff has not made.

Interrogatory No. 6 asks about the amount of monthly coverage Plaintiff elected under the Policy.  Defendant responds that Plaintiff did not elect coverage, as this was a group policy.  Moreover, Plaintiff's application for benefits was produced.  No further discovery is warranted.

Interrogatories No. 7, No. 9 through No. 12 ask Reliance to identify all medical records and documents, the names of medical providers and medical experts used by Reliance in making the decision to deny Plaintiff's claim and appeal.  Defendant responds that the administrative record had been produced.  Again, Plaintiff's blanket assertion that the Court is permitted to consider evidence outside of the administrative records does not satisfy the requirement for ordering production of this evidence.

Interrogatory No. 8 inquires as to whether Reliance suggested to Plaintiff that he could be better off filing a Social Security Disability claim, and, if so, why?  Defendant objects on the ground of the limited discovery allowed in an ERISA case, lack of a showing of good cause, and that the request is vague.  Plaintiff argues that it is not vague because it requests information regarding a specific statement by a specific individual working for Defendant.  That is simply not the case.  The Court finds that no showing that this information is reasonably likely to lead to a showing of good cause has been made, and that it also unlikely that this information would lead to the discovery of relevant evidence.

Interrogatories No. 13 and No. 14. inquire as to the credentials of Robert Loy and Erin,

the initial claims adjuster, relating to chronic prostatitis or chronic pelvic pain syndrome and regarding the acceptance or denial of long-term disability claims. Again, Plaintiff merely asserts that the Court is permitted to evaluate evidence outside the record. This does not satisfy Plaintiff's burden.

Interrogatory No. 15 asks Reliance to identify all individuals who contributed to the decisions to deny Plaintiff's application and appeal. Defendant has produced the administrative record. No further disclosure is required.

Last, Interrogatory No. 16 inquires as to whether Reliance took into account Plaintiff's time off and travel time for medical appointments in denying his claim. Again, Defendant has provided the administrative record, and Plaintiff has made no showing of good cause for the production of further evidence outside of the record.

Thus, after a careful review of Plaintiff's Interrogatories and Requests for Production contained therein, the Court concludes that Plaintiff has failed to point to any evidence in the administrative record to support a conclusion that there is a reasonable chance that allowing any of this discovery would yield information that would enable him to make a good cause showing, which is a prerequisite for allowing discovery outside the record. *See Pretty*, 696 F. Supp. 2d at 184. As discussed above, the mere fact that Reliance stood in a position to determine both eligibility to participate and eligibility to receive benefits does not subject its decision to *de novo* review nor does it allow Plaintiff to go outside the administrative record absent the requisite showing of a reasonable chance that this discovery would lead to information that would enable him to make a good cause showing.

Accordingly, the Court denies Plaintiff's Motion to Compel [Doc. # 44]. This is not a

recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" standard set forth in rule 72(a), Fed. R. Civ. P.   As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

  SO ORDERED, this _____10th_____ day of February, 2014, at Bridgeport, Connecticut.


        _____/s/ *William I. Garfinkel*_____
         WILLIAM I. GARFINKEL
         United States Magistrate Judge